UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN WIEDMEYER, On Behalf Of Himself And All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | **Civil Action No.** |
| -against- | ) ) | **CLASS ACTION COMPLAINT** |
| CERTAINTEED CORPORATION, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

Plaintiff Steven Wiedmeyer by and through his counsel and on behalf of himself and others similarly situated ("the Class") brings this action against CertainTeed Corporation ("CertainTeed"). In support hereof, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this nationwide consumer class action against CertainTeed on behalf of all persons and entities who purchased CertainTeed WeatherBoards FiberCement exterior siding products ("Siding") manufactured by CertainTeed from 2002 to the present.

2. This lawsuit arises out of damages sustained by Plaintiff and the Class that were proximately caused by CertainTeed's defective Siding used in the construction of Class member's homes and other structures, or which was otherwise installed in the homes and structures of Plaintiff and the Class.

3. At all times material hereto, CertainTeed manufactured and marketed WeatherBoards FiberCement Siding products, and such products have been marketed, represented and warranted by CertainTeed to be durable long-lasting and appropriate for use on the homes and other structures of Plaintiff and the Class.

## PARTIES

*Plaintiff*

4. Plaintiff Steven Wiedmeyer is a citizen of West Bend, Wisconsin residing at 5738 Hillcrest Lane. Mr. Wiedmeyer purchased CertainTeed WeatherBoards FiberCement Siding on or about June 2003 for his home, and purchased additional Siding on or about June 2004 for a detatched garage. Thereafter, in late 2004, Mr. Wiedmeyer first became aware of a problem with the Siding on his house. Specifically, in late 2004, Mr. Wiedmeyer began to notice shrinkage and gaps in the seams of the Siding boards on his home. Thereafter, during 2005, Mr. Weidmeyer noticed the paint flaking throughout the siding on his house, even on sides with little exposure to the sun. As a direct and proximate result of CertainTeed's misrepresentations regarding the suitability, long-term durability and exemplary nature of its defective Siding and warranty breaches, Mr. Wiedmeyer continues to suffer ever-progressing damage as result of Defendant's defective siding.

*Defendant*

5. Defendant CertainTeed Corporation is a Pennsylvania corporation with its principal place of business located at 750 E. Swedesford Road, Valley Forge, Pennsylvania 19482. CertainTeed is a leading North American manufacturer of building materials including roofing, siding, insulation, windows and patio doors, fence, decking, railing, foundations and pipe. CertainTeed and its affiliates have more than 6,000 employees and more than 65 manufacturing facilities throughout the United States and Canada. The group had total sales of more than $3 billion in 2008.

## JURISDICTION AND VENUE

6. Defendant CertainTeed is headquartered in Montgomery County, Pennsylvania and conducts substantial business in Pennsylvania, including the sale and distribution of the Siding in Pennsylvania. This Court has jurisdiction over Defendant because CertainTeed maintains sufficient contacts with Pennsylvania and otherwise has intentionally availed itself of the laws and markets of Pennsylvania.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). The Named Plaintiff is a citizen of Wisconsin, and Defendant CertainTeed is a citizen of Pennsylvania. Moreover, there are more than 100 Class members residing in multiple states, and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, *et seq.* because Defendant's principal place of business is located in Valley Forge, Pennsylvania and as such, resides within this district.

## SUBSTANTIVE ALLEGATIONS

**I. CertainTeed's Defective Fly Ash-Based Siding**

9. Upon information and belief, since at least 2002 CertainTeed has manufactured, warranted, advertised and sold defective Siding to thousands of consumers throughout the United States. Defendant failed to adequately design, formulate, and test its fly ash-based Siding products before warranting, advertising and selling its Siding products to Plaintiff and the Class and representing to Class members that its Siding products are durable, exemplary and suitable home building materials.

10. CertainTeed warranted, advertised and sold to Plaintiff and the Class Siding products that Defendant reasonably should have known were defectively designed and failed

prematurely due to defects inherent in the Siding's fly-ash formulation, including but not limited to shrinking at the seams and joints, excessive cupping and gapping, warping, bowing, dropped panels, nails pulling through panels, cracked panels, significant porosity and moisture absorption, freezing during winter, poor paint adhesion and generally pulling away from and off homes. As a result, Plaintiff and the Class have experienced and continue to experience foreseeable progressive damage to their property.

11. Upon information and belief, the foregoing defects have manifested themselves uniformly in CertainTeed Siding products installed in the homes of Plaintiff and members of the Class since approximately 2002 and have been the subject of several online blog fora in which consumers and home developers have given similar details about: 1) the widespread defects inherent in the various CertainTeed fly ash-formulated Siding products; and 2) CertainTeed's failure to honor its express and implied warranties with Class members and its efforts to obfuscate the true nature of its defective fly ash-based Siding.

12. Prior to the beginning of the Class period, the exterior siding manufactured by CertainTeed was composed primarily of grain and silica sand. Upon information and belief, due to concerns regarding the use of grain and silica sand, CertainTeed thereafter materially altered the content of its exterior siding to consist primarily of fly ash.

13. Upon information and belief, CertainTeed encountered water absorption and porosity problems associated with its fly ash-based Siding, which is believed to have caused improper and greater expansion of the Siding, leading to the numerous foregoing defects alleged herein – a problem not inherent in grain and silica sand siding formulations.

14. Upon information and belief, as a direct result of the readily observable and uniform defects inherent in its fly ash-formulated Siding and in an attempt to cure and ameliorate

the defects in its Siding, CertainTeed again modified the material composition of its exterior siding to consist of a modified, patented fly ash, but such modifications have not cured the defects inherent in the Siding.

15. At present, upon information and belief, there are thousands of Class members, including Plaintiff, whose homes and other structures incorporate CertainTeed's defective fly-ash-based Siding and who have observed and otherwise experienced the uniform defects alleged herein.

16. CertainTeed's failure to address on a class-wide basis the defects inherent in its various fly ash-based Siding products, which have foreseeably resulted in the myriad of problems described herein, constitutes a breach of its express and implied warranties to Plaintiff and the Class. Moreover, CertainTeed's affirmative representations as to the suitability and exemplary composition of its defective Siding constitute an actionable misrepresentation of material fact. As a result, Plaintiff and the Class have suffered, continue to suffer or will suffer damages as a direct proximate result of CertainTeed's defective product.

**II.  CertainTeed Has Breached Its Warranties With Plaintiff and the Class**

17. Since at least 2003, CertainTeed's marketing materials obtained from its website have represented that its WeatherBoards FiberCement Siding is "the best-looking, finest-performing product of its kind" and "the finest cement siding you can buy." In light of the above alleged facts, this superlative-laced language amounts to affirmative misrepresentations of material fact. Moreover, as set forth below, CertainTeed has failed to live up to its express and implied warranties to Plaintiff and the Class.

18. CertainTeed's Siding warranty, attached hereto as Exhibit B, which in part forms the basis for the claims alleged herein, guarantees to the original property owner/consumer (and

5

all successive owners of a home/structure containing defective Siding) that its Siding will be free from manufacturing defects for a 50-year period, specifying that subject to yearly proration "CertainTeed will pay to repair or replace, at its option, any WeatherBoards FiberCement Siding determined to be defective during the 50-year period following its installation."

19. Moreover, CertainTeed provides an additional warranty for its Siding called "SureStart Protection." SureStart Protection provides:

> [u]nder this warranty feature, CertainTeed will pay to repair or replace, at its option, any WeatherBoards FiberCement Siding proven to be defective during the two-year SureStart Protection period . . . CertainTeed's maximum liability under SureStart Protection will be equal to the reasonable cost to replace or repair the defective material at current value, including labor in connection with removal, repair or installation of either the original or replacement WeatherBoards FiberCement Siding . . .

20. Plaintiffs' Siding has begun to fail, and will continue to fail within the time period advertised, marketed and guaranteed by CertainTeed.

21. As a direct and proximate result of purchasing and installing CertainTeed's Siding, Plaintiff and the Class have suffered damages, in that the Siding on their homes, buildings and other structures has and will continue to fail prematurely, resulting in damage to the Siding and the underlying structures and requiring them to expend thousands of dollars to repair the damage associated with the incorporation of the Siding into their homes, buildings and other structures, or to prevent such damage from occurring. Additionally, Plaintiff and the Class have suffered and will continue to suffer damages relating to the ever-compounding diminution in value of their homes and other structures, which is the foreseeable direct proximate result of having CertainTeed's defective Siding installed thereon.

22. As described herein, the fly ash-based Siding suffers from a set of uniformly observable defects, and despite receiving a multitude of complaints during the Class Period from

6

members of the Class, as well as from developers who have installed the Siding on hundreds, if not thousands of homes, CertainTeed has refused to effectively notify Plaintiff and members of the Class on a class-wide basis of the defects, or rectify the injustice it created by repairing the foreseeable property damages proximately caused by the defects inherent in its fly ash-based Siding products.

**III. Tolling of Statutes of Limitation**

23. Until shortly before Plaintiff filed this Complaint, Plaintiff had no knowledge that the CertainTeed Siding he purchased was inherently defective. Likewise, Plaintiff had no reasonable way of discovering the true nature of the defective Siding until before the filing of this Complaint. Furthermore, Plaintiff was impeded from discovering the defective nature of CertainTeed's Siding because of CertainTeed's affirmative acts of fraudulent concealment regarding the inherent defects of its Siding and the corresponding affirmative misrepresentations of material fact contained in its marketing materials regarding the exemplary nature and premiere long-term durability of its Siding products.

24. Upon information and belief, CertainTeed has adopted a uniform standardized set of obfuscating responses to Class members who attempt to invoke the company's warranty coverage and who seek to hold CertainTeed to its promises regarding its defective Siding. Specifically, agents of CertainTeed when denying warranty coverage have repeatedly asserted to Class members that the Siding defects described herein constitute normal wear and tear and are the natural outgrowth of cement-based siding products and/or were caused by installation-related problems. Nothing could be farther from the truth.

25. Indeed, CertainTeed's self-serving representations that the Siding defects were no more than normal wear and tear, and its disingenuous claims of improper installation constitute

7

affirmative misrepresentations of material fact in light of the known defects inherent in the Siding purchased by Plaintiff and the Class. Likewise, such representations serve to conceal the truth concerning the true nature of CertainTeed's defective Siding.

26. At all times material hereto, CertainTeed had a duty to disclose to Plaintiff and the Class that its Siding was defective, prone to foreseeable and uniform problems, such as shrinkage and other problems detailed herein, and otherwise was inherently flawed in its design such that the Siding was not suitable for use as an exterior building material.

## CLASS ALLEGATIONS

27. This action has been brought and may be properly maintained as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of Plaintiff and a Class of similarly situated individuals and entities defined as follows:

> All individuals and entities that own, have acquired or were assigned homes, residences, buildings or other structures physically located in the United States from 2002 through the present on which CertainTeed fly ash-based Siding has been installed.

28. Members of the Class are so numerous that their individual joinder is impracticable. While the precise number is unknown at this time, upon information and belief, the proposed Class is comprised of at least thousands of members. The true number of Class members is likely to be known by Defendant and may be ascertained through its books and records.

29. There are numerous questions of law and fact common to Plaintiff and the Class, and those questions predominate over any questions that may affect individual Class members, including but not limited to:

- Whether the Siding is defective, in that it is subject to shrinking at the seams and joints, cupping, warping, dropped panels, nails pulling through panels, cracked panels, significant porosity and moisture absorption, freezing during winter, poor paint adhesion and generally pulling away from and off homes and is not suitable for use as an exterior siding product for the duration of time advertised, marketed and warranted;

- Whether CertainTeed was aware of the defective nature of the Siding or should have known of its defects prior to putting it into the stream of commerce for purchase by Plaintiff and the Class;

- Whether CertainTeed owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, warranting and marketing of the Siding;

- Whether CertainTeed breached its duty to Plaintiff and the Class by designing, manufacturing, advertising and selling to Plaintiff and the Class defective Siding and by failing promptly to remove the Siding from the marketplace or take other appropriate remedial action;

- Whether the Siding failed to perform in accordance with the reasonable expectations of ordinary consumers;

- Whether the Siding's risk of failure outweighs the benefits of its design;

- Whether CertainTeed's Siding fails to perform as advertised, marketed and warranted;

- Whether CertainTeed breached its express warranties to Plaintiff and the Class by advertising, marketing and selling defective Siding to Plaintiff and the Class;

- Whether CertainTeed breached its implied warranties to Plaintiff and the Class by advertising, marketing and selling Siding that was not of a merchantable quality, nor fit for the ordinary purpose for which it was sold.

- Whether Plaintiff and the Class are entitled to compensatory damages, and the amount of such damages for the removal and replacement of the defective Siding, and for damages resulting from the diminution of value of Class member homes and other structures;

- Whether CertainTeed's representations regarding the suitability and exemplary nature of its Siding and its omissions and concealment of facts to the contrary regarding the Siding defects constitute violations of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law.

30. The claims of Plaintiff are typical of the claims of the members of the Class, in that Plaintiff, like all Class members, owns a home and other structure on which defective Siding manufactured by CertainTeed had been installed. As a result of the uniform defects inherent in the Siding's formulation, the Siding has failed and will continue to fail prematurely. Accordingly, Plaintiff and all members of the Class have been damaged by CertainTeed's uniform conduct, in that they have suffered damages as a result of the incorporation of the defective Siding into their homes or structures.

31. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting nationwide multi-state consumer class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse or antagonistic to those of the Class.

32. Plaintiff and the members of the Class have all suffered and will continue to suffer harm and damages as a result of CertainTeed's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of Class members likely would not be in a position to afford the litigation of their claims and would have no effective remedy at law through which to vindicate their claims against CertainTeed and be made whole. Class treatment of predominating common questions of law and fact would also be superior to multiple individual actions, in that class treatment would conserve the resources of the courts and the litigants, and will further efficient adjudication of Class member claims.

# CAUSES OF ACTION

## COUNT I

## BREACH OF CONTRACT — EXPRESS WARRANTY

33. Plaintiff incorporates by reference each of the allegations contained in foregoing paragraphs of this Complaint.

34. CertainTeed marketed and sold its Siding with the intent that the Siding would be purchased by Plaintiff and members of the Class.

35. The written warranty that has been attached hereto and which was provided to Plaintiff and the Class when they purchased the Siding constitutes an express warranty as set forth in Uniform Commercial Code provision 13 Pa. C.S.A. § 2313.

36. In this warranty, CertainTeed expressly states that its Siding is free of manufacturing defects and suitable for use as an exterior home product. This express warranty became the primary basis of the bargain between CertainTeed and Plaintiff and the Class when they purchased the Siding for installation on their homes and structures.

37. Specifically, CertainTeed expressly warranted that the Siding purchased by Plaintiff and the Class would be defect-free for a period of fifty years. In fact, Defendant's Siding falls well short of this express promise and has manifested uniform defects causing the Siding to fail well in advance of this period.

38. Defendant breached its express warranties to Plaintiff and the Class by designing, manufacturing, marketing and selling Siding that was not fit for its intended use as a durable and long-term exterior home building product. As detailed herein, CertainTeed's Siding did not perform as expressly promised and was fraught with a myriad of uniform defects

11

39. Moreover, because CertainTeed's express warranty provides for complete repair and replacement costs (including labor) for only an initial two-year period following purchase, Defendant's warranty coverage is inadequate to cover all of the costs of repairing, replacing and/or removing the defective Siding from the homes and structures of Plaintiff and the Class and does not compensate Plaintiff and the Class for any damages to their underlying homes and structures caused by the defective Siding, or which result from the diminution in value of these buildings.

40. As alleged herein, CertainTeed has denied and continues to deny its express obligations to Plaintiff and the Class under the language of its express warranty and failed to pay in full the warranty claims of Plaintiff and the Class.

41. As a result of CertainTeed's breach of its express warranties, Plaintiff and the Class have suffered actual damages, in that they have purchased and installed on their homes, and other structures a siding product that is defective and not at all suitable for its intended purpose. These defects have caused and will continue to cause Plaintiff and the Class to expend substantial resources repairing and/or replacing their Siding and to address any collateral damages to their underlying homes and structures proximately caused by CertainTeed's defective Siding.

## COUNT II

### BREACH OF CONTRACT — IMPLIED WARRANTY

42. Plaintiff incorporates by reference each of the allegations contained in foregoing paragraphs of this Complaint.

43. At all times material hereto, CertainTeed manufactured and sold its Siding to Plaintiff and the Class, and in so doing, impliedly warranted to them that the product was of

merchantable quality and fit for the use for which it was intended in accordance with Uniform Commercial Code provisions 13 Pa. C.S.A. §§ 2314, 2315.

44. CertainTeed's Siding was unfit for its intended use and it was not of merchantable quality, as warranted by Defendant, in that it was vulnerable (by virtue of its defective formula and not due to any secondary cause) to failure and malfunction in the myriad of ways detailed herein. As such, the Siding was not merchantable at the time of purchase, in that it was not free from defects and not fit for its intended purpose, as warranted.

45. As a result, CertainTeed breached its implied warranties to Plaintiff and the Class by manufacturing and selling exterior siding with fundamental inherent defects. Additionally, CertainTeed knowingly allowed these warranties to be made to Plaintiff and the Class with the intent of inducing them to purchase its Siding even after being put on notice by Plaintiff and other Class members of the defects inherent in its Siding.

46. As a result of CertainTeed's breach of its implied warranties, Plaintiff and the Class have suffered actual damages, in that they have purchased and installed on their homes, and other structures a siding product that is defective and not at all suitable for its intended purpose. These defects have caused and will continue to cause Plaintiff and the Class to expend substantial resources repairing and/or replacing their Siding and to address any collateral damages to their underlying homes and structures proximately caused by CertainTeed's defective Siding.

## COUNT III – NEGLIGENCE

47. Plaintiff incorporates by reference each of the allegations contained in foregoing paragraphs of this Complaint.

48. Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, marketing and manufacture of the Siding.

49. Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, marketing and selling to Plaintiff and the Class a defective product that has failed prematurely and will continue to fail prematurely, and by failing to notify Plaintiff and the Class of the true nature of its defective Siding and by promptly removing the Siding from the marketplace and take other appropriate remedial action.

50. Defendant knew or should have known that the Siding was defective, would fail prematurely, was not suitable for use as an exterior housing material and otherwise was not as CertainTeed had represented it to be to Plaintiff and the Class.

51. Moreover, CertainTeed knew that Plaintiff and the Class would rely upon the quality assurances that came with its Siding, and such reliance by Plaintiff and the Class was foreseeable and justified.

52. As a direct and proximate cause of CertainTeed's negligence, Plaintiff and the Class have suffered actual damages, in that they have purchased and installed on their homes, and other structures a siding product that is defective and not at all suitable for its intended purpose. These defects have caused and will continue to cause Plaintiff and the Class to expend substantial resources repairing and/or replacing their Siding and to address any collateral damages to their underlying homes and structures proximately caused by CertainTeed's defective Siding.

## COUNT IV – VIOLATIONS OF UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAWS

53. Plaintiff incorporates by reference each of the allegations contained in foregoing paragraphs of this Complaint.

54. Defendant is a manufacturer, marketer, seller and/or distributor of the Siding.

55. CertainTeed's conduct, as described herein, took place within the Commonwealth of Pennsylvania and constitutes unfair methods of competition or unfair or deceptive acts or practices in violation of §§ 201-2(4),(v),(vii), and (xxi) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (hereinafter, "UTPCPL"), 73 Pa. C.S.A. §§ 201-1, *et seq*.

56. The UTPCPL applies to the claims of all the Class members because the unlawful conduct which constitutes violations of the UTPCPL by CertainTeed occurred within the Commonwealth of Pennsylvania and otherwise emanated therefrom. Moreover, CertainTeed's applicable warranties, as attached herein, direct Class members to submit warranty claims to CertainTeed in Blue Bell, Pennsylvania, and CertainTeed directs all warranty works from its Blue Bell, Pennsylvania and Valley Forge, Pennsylvania offices.

57. Plaintiff and other Class members are consumers who purchased CertainTeed's Siding for homes or other structures on which CertainTeed Siding was installed primarily for personal, family or household purposes within the meaning of 73 Pa. C.S.A. § 201-9.2.

58. CertainTeed used and employed unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of 73 Pa. C.S.A. §§ 201-2 and 201-3. Such unfair methods of competition and/or unfair or deceptive acts or practices include, but are not limited to the following:

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that person has a sponsorship, approval, status, affiliation or connection that he does not have under § 201-2(4)(v) (Defendant misrepresented and concealed material facts about the quality, uses, characteristics and benefits of the CertainTeed Siding);

- Representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model, if they are of another under § 201-

2(4)(vii) (Defendant concealed material facts about the quality of the CertainTeed Siding);

- Failing to comply with any written guaranty or warranty given to the buyer under § 201-2(4)(xiv) (Defendant failed to comply with its express and implied warranties as set forth herein ); and

- Engaging in other fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding under § 201-2(4)(xxi) (Defendant deceptively created the likelihood of confusion or misunderstanding about the quality of the CertainTeed Siding and Defendant's intention to honor its warranties with respect to the CertainTeed Siding).

59. Defendant knew or should have known that its Siding was defective, would fail prematurely, was not suitable for use as an exterior Siding product, and otherwise as not as warranted and represented by CertainTeed.

60. Defendant's misrepresentations, concealment, omissions and other deceptive conduct were likely to deceive and cause misunderstanding and/or in fact caused Plaintiff and other members of the Class to be deceived about the suitability of CertainTeed's Siding for use as a long-lasting exterior home building product that would be backed by warranties of up to fifty years, and that those warranties would in fact be honored by Defendant.

61. Defendant intended that Plaintiff and the Class would rely on their misrepresentations, concealment, warranties, deceptions and/or omissions regarding the suitability, durability and exemplary nature of its defective Siding.

62. Alternatively, Plaintiff seeks to recover for CertainTeed's unfair and deceptive acts of consumer fraud under the substantially similar Consumer Fraud and Deceptive Trade Practices Act of the states in which Plaintiff and members of the Class reside.

63. Plaintiff and other members of the Class have been damaged as a proximate result of CertainTeed's violations of Pennsylvania's (and other States') Unfair Trade Practices and

Consumer Protection Law and have suffered actual and progressively worsening damages as a direct proximate result of having purchased defective Shingles.

64. As a direct and proximate result of CertainTeed's violations of the Unfair Trade Practices and Consumer Protection Laws as set forth above, Plaintiff and the Class have suffered and continue to suffer an ascertainable loss of money and are, therefore, entitled to relief, including damages, plus triple damages, costs and attorney's fees under 73 Pa. C.S.A. § 201-9.2, or the substantially similar Consumer Fraud and Deceptive Trade Practices Acts of the home states of Plaintiff and the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief, on behalf of himself and all others similarly situated:

A. An Order certifying the Class of plaintiffs, appointing Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel;

B. An award of equitable and injunctive relief enjoining Defendant from pursuing the policies, acts, and practices described in this Complaint;

C. An award of damages and enhanced damages under statutory and common law as alleged in this Complaint, in an amount to be determined at trial;

D. An award of pre-judgment and post-judgment interest at the maximum rate allowable by law;

E. An award of reasonable attorneys' fees and reimbursement of costs incurred by Plaintiff and his counsel in connection with this action; and

F. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the members of the Class hereby demands trial by jury on all issues so triable.

Date: January 19, 2011

**CAFFERTY FAUCHER LLP**

*/s/ Ellen Meriwether*

Ellen Meriwether (Pa. Id. no. 45210)
Bryan L. Clobes (Pa. Id. no. 68151)
1717 Arch Street, Ste. 3610
Philadelphia, Pennsylvania 19103
Tel.: 215-864-2800

*Designated as Local Counsel*

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Marc I. Gross
100 Park Avenue
New York, New York 10017
Tel.: 212-661-1100

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
10 South La Salle Street
Suite 3505
Chicago, Illinois 60603
Tel.: 312-377-1181

*Counsel for Plaintiff*